THE STATE OF NEW HAMPSHIRE

v.

ANTHONY ANAYA

December 29, 1988

*Stephen E. Merrill,* attorney general (*Steven L. Winer,* assistant attorney general, on the brief), by brief for the State.

*Joanne Green,* assistant appellate defender, of Concord, by brief for the defendant.

### MEMORANDUM OPINION

BATCHELDER, J.  The defendant, Anthony Anaya, was convicted of acting as an accomplice to second degree murder and sentenced to twenty-three years to life in prison. The only issue argued on this appeal is whether a trial court's refusal to excuse for cause a potential juror with an alleged bias, thereby forcing defense counsel to exercise a peremptory challenge, constitutes reversible error. Under the circumstances of this case, we hold that it does not and therefore affirm.

The parties have stipulated that the trial court allotted twenty peremptory challenges to each side. *See* RSA 606:3, :4. During *voir dire,* a potential juror had made statements to the trial court indicating that he thought certain minority groups in less fortunate economic circumstances, including Hispanics, were more likely to commit crimes than other people. After the Trial Court (*Pappagianis,* J.) further questioned the venireman as to his neutrality, defense counsel moved to have him excused for cause because he had expressed preconceptions about minorities. The trial court denied the motion. The defendant then exercised one of his peremptory challenges to excuse the venireman from the panel

of jurors. At the end of the *voir dire,* the defense had used seven of its allotted peremptory challenges.

■ A defendant has a right to a trial by an impartial jury. *State v. Prevost,* 105 N.H. 90, 92, 193 A.2d 22, 24 (1963); *Irwin v. Dowd,* 366 U.S. 717, 722 (1961); *see also* N.H. CONST. pt. I, art. 35 ("It is the right of every citizen to be tried by judges as impartial as the lot of humanity will admit."). Any juror who is not indifferent shall be excused from the trial of a case. RSA 500-A:12, II.

■ The defendant claims that the trial court abused its discretion in not excusing the venireman for cause, thereby improperly forcing him to exercise a peremptory challenge. *See State v. Wellman,* 128 N.H. 340, 348, 513 A.2d 944, 949–50 (1986) (trial judge's decision whether to excuse juror will not be reversed unless it is an abuse of discretion or against the weight of the evidence). We need not, however, decide in this case whether the trial court abused its discretion in not excusing the venireman for cause, because the defendant's right to challenge and exclude the juror was not impaired. The defendant did not exhaust all of his peremptory challenges, and therefore, under State or federal law, cannot claim to have suffered harm from the court's decision. *See State v. Nelson,* 103 N.H. 478, 484, 175 A.2d 814, 819 (1961) (failure to exhaust peremptory challenges was factor considered in deciding whether pretrial publicity prevented impanelling of impartial jury), *cert. denied,* 369 U.S. 879 (1962); *see also Ross v. Oklahoma,* 108 S. Ct. 2273, *reh'g denied,* 109 S. Ct. 11 (1988) (loss of peremptory challenge may not violate constitution so long as jury that sits is impartial).

*Affirmed.*

All concurred.